IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| WARREN HALL, individually and on behalf of all others similarly situated, c/o DannLaw PO Box 6031040 Cleveland, OH 44103<br><br>Plaintiff(s),<br><br>-against-<br><br>CENTRAL RESEARCH, INC c/o Corporate Creations Network, Inc., Registered Agent 119 E. Court Street Cincinnati, OH 45202<br><br>Defendant(s). | Case No. 19-cv-660<br><br>JUDGE<br><br>MAGISTRATE JUDGE<br><br><br><br>CLASS ACTION COMPLAINT FOR DAMAGES<br><br>**JURY DEMAND ENDORSED HEREIN** |

Plaintiff, WARREN HALL (hereinafter, "Plaintiff"), an Ohio resident, brings this Class Action Complaint by and through the undersigned attorneys against Defendant CENTRAL RESEARCH, INC. (hereinafter "Defendant"), individually and on behalf of a class of all others similarly situated, pursuant to Rule 23 of the Federal Rules of Civil Procedure, based upon information and belief of Plaintiff's counsel, except for allegations specifically pertaining to Plaintiff, which are based upon Plaintiff's personal knowledge.

**JURISDICTION AND VENUE**

1. The Court has jurisdiction over this class action under 28 U.S.C. § 1331, 15 U.S.C. § 1692 *et seq.* and 28 U.S.C. § 2201. If applicable, the Court also has pendent jurisdiction over the state law claims in this action pursuant to 28 U.S.C. § 1367(a).

2. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2).

1

## NATURE OF THE ACTION

3. Plaintiff brings this class action on behalf of a class of Ohio consumers seeking redress for Defendant's actions of using an unfair and unconscionable means to collect a debt.

4. Defendant's actions violated § 1692 et seq. of Title 15 of the United States Code, commonly referred to as the Fair Debt Collections Practices Act ("FDCPA") which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

5. Plaintiff is seeking damages, and declaratory and injunctive relief.

## INTRODUCTION/PRELIMINARY STATEMENT

6. Congress enacted the FDCPA in 1977 in response to the "abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors." 15 U.S.C. § 1692(a). At that time, Congress was concerned that "abusive debt collection practices contribute to the number of personal bankruptcies, to material instability, to the loss of jobs, and to invasions of individual privacy." *Id.* Congress concluded that "existing laws . . . [we]re inadequate to protect consumers," and that "the effective collection of debts" does not require "misrepresentation or other abusive debt collection practices." 15 U.S.C. §§ 1692(b) & (c).

7. Congress explained that the purpose of the Act was not only to eliminate abusive debt collection practices, but also to "insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged." *Id.* § 1692(e). After determining that the existing consumer protection laws were inadequate, *id.* § 1692(b), Congress gave consumers a private cause of action against debt collectors who fail to comply with the Act. *Id.* § 1692k.

## PARTIES

8. Plaintiff is a natural person and a resident of the City of Columbus, County of

Franklin, State of Ohio and is a "Consumer" as defined by 15 U.S.C. §1692(a)(3).

9. Defendant is a collection agency with its principal office located at 106 North Bloomington, Suite 3, Lowell, Arkansas 72745.

10. Defendant is a company that uses the mail, telephone, or facsimile in a business the principal purpose of which is the collection of debts, or that regularly collects or attempts to collect debts alleged to be due another.

11. Defendant is a "debt collector," as defined under the FDCPA under 15 U.S.C. § 1692a(6).

## ALLEGATIONS OF FACT

12. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs above herein with the same force and effect as if the same were set forth at length herein.

13. Some time prior to April 29, 2019, an obligation was allegedly incurred to US DEPARTMENT OF EDUCATION.

14. The US DEPARTMENT OF EDUCATION obligation arose out of a transaction in which money, property, insurance or services, which are the subject of the transaction, are primarily for personal, family or household purposes.

15. The alleged US DEPARTMENT OF EDUCATION obligation is a "debt" as defined by 15 U.S.C.§ 1692a(5).

16. US DEPARTMENT OF EDUCATION is a "creditor" as defined by 15 U.S.C.§ 1692a(4).

17. US DEPARTMENT OF EDUCATION, directly or through an intermediary, contracted the Defendant to collect the alleged debt.

18. Defendant contends that the US DEPARTMENT OF EDUCATION debt is past

due.

19. Defendant collects and attempts to collect debts incurred or alleged to have been incurred for personal, family or household purposes on behalf of creditors using the United States Postal Services, telephone and Internet.

20. On or about April 29, 2019, Defendant caused to be delivered to the Plaintiff a collection letter (hereinafter "Letter") in an attempt to collect the alleged US DEPARTMENT OF EDUCATION debt. *See* **Exhibit A.**

21. Upon information and belief, the Letter was the first correspondence from Defendant to Plaintiff regarding the US DEPARTMENT OF EDUCATION debt.

22. The Letter was sent or caused to be sent by persons employed by Defendant as a "debt collector" as defined by 15 U.S.C. §1692a(6).

23. The Letter is a "communication" as defined by 15 U.S.C. §1692a(2).

24. The Letter stated in part:

| PRINCIPAL BAL. | INTEREST |
|---|---|
| $19,778.93 | $2,746.87 |
| FEES & COSTS | CURRENT BALANCE |
| $4,052.09 | $26,664.17 |

25. Upon reading the above amounts, Plaintiff was left unsure as to the actual balance due on the alleged debt, $26,664.17 or $26,577.89 based on the actual sum of the "PRINCIPAL BALANCE", "INTEREST" AND "FEES & COSTS".

26. Debt collectors have an obligation, and consumers have an informational right, to be accurately told the amount of the debt.

27. In fact, 15 U.S.C. §1692(g)(a)(1) requires that debt collectors in their initial communication with a consumer notify the consumer accurately as to the amount of the debt.

28. Furthermore, by attempting to collect an amount in excess of principal balance plus interest, fees and costs, Defendant was attempting to collect an amount not authorized by the agreement created the debt or permitted by law.

29. Upon information and belief, interest, late fees, and/or other charges were accruing daily on the alleged debt.

30. Although Defendant stated that interest and fees & costs accrued, they failed to notify the Plaintiff in the Letter that interest, late fees, or other charges were continuing to accrue.

31. The Defendant further failed to notify the Plaintiff that if payment of $26,577.89 or $26,664.17 was made, that Plaintiff may not have paid off his alleged debt in full, as additional charges were continuing to accrue.

32. In *Miller v. McCalla, Raymer, Patrick, Cobb, Nichols & Clark, LLC,* 214 F. 3d 872 (7th Cir. 2000), the 7th Circuit sets forth a requirement of a debt collector to notify consumers that the amount of the debt is increasing due to interest, late fees, or other charges "in cases like this where the amount varies from day to day." Id. at 876.

33. The Second Circuit agreed with Miller and held that a collection notice that states an amount due but does not disclose that the balance may increase due to interest and fees, is false, deceptive, or misleading and a violation of 15 U.S.C. §1692e. See *Avila v. Riexinger & Associates, LLC*, 817 F.3d 72 (2nd Cir. 2016).

34. As a result of the Defendant's violations of the FDCPA, the Plaintiff was harmed.

35. Defendant's actions as described herein are part of a pattern and practice used to collect consumer debts.

## **CLASS ALLEGATIONS**

36. Plaintiff brings claims, pursuant to the Federal Rules of Civil Procedure (hereinafter "FRCP") Rule 23, individually and on behalf of the following consumer class (the "Class") defined as follows:

> All consumers who have an address in the state of Ohio b) who were sent an initial collection letter from Defendant c) attempting to collect a consumer debt owed to or allegedly owed to US DEPARTMENT OF EDUCATION, d) where current balance is in excess of principal balance plus interest plus fees and costs e) which letter was sent on or after a date one year prior to the filing of this action and on or before a date 21 days after the filing of this action.

37. Plaintiff also brings this action pursuant to Civ. R. 23 on behalf of a Subclass of similarly situated individuals (the "Subclass"), defined as follows:

> All consumers who have an address in the state of Ohio b) who were sent an initial collection letter from Defendant c) attempting to collect a consumer debt owed to or allegedly owed to US DEPARTMENT OF EDUCATION, d) in which interest, late fees, and/or other charges were accruing e) which failed to mention that interest, late fees and/or other charges were accruing f) which letter was sent on or after a date one year prior to the filing of this action and on or before a date 21 days after the filing of this action.

38. The identities of all class members are readily ascertainable from the records of Defendants and those companies and entities on whose behalf they attempt to collect and/or have purchased debts.

39. Excluded from the Plaintiff Class and Subclass are the Defendant and all officers, members, partners, managers, directors, and employees of the Defendant and their respective immediate families, and legal counsel for all parties to this action and all members of their immediate families.

40. There are questions of law and fact common to the Plaintiff Class and Subclass, which common issues predominate over any issues involving only individual class members. The principal issue is whether the Defendant's written communications to consumers, in the forms attached as ***Exhibit A***, violate 15 U.S.C. § 1692e, 1692f and 1692g.

41. The Plaintiff's claims are typical of the class members, as all are based upon the same facts and legal theories.

42. The Plaintiff will fairly and adequately protect the interests of the Plaintiff Class defined in this complaint. The Plaintiff has retained counsel with experience in handling consumer lawsuits, complex legal issues, and class actions, and neither the Plaintiff nor Plaintiff's attorneys have any interests, which might cause them not to vigorously pursue this action.

43. This action has been brought, and may properly be maintained, as a class action pursuant to the provisions of Rule 23 of the Federal Rules of Civil Procedure because there is a well-defined community interest in the litigation:

(a) **Numerosity:** The Plaintiff is informed and believes, and on that basis alleges, that the Plaintiff Class defined above is so numerous that joinder of all members would be impractical.

(b) **Common Questions Predominate:** Common questions of law and fact exist as to all members of the Plaintiff Classes and those questions predominate over any questions or issues involving only individual class members. The principal issue is whether the Defendants' written communications to consumers, in the forms attached as *Exhibit A*, violate 15 U.S.C. § 1692e and 1692g.

(c) **Typicality:** The Plaintiff's claims are typical of the claims of the class members. The Plaintiff and all members of the Plaintiff Class have claims arising out of the Defendant's common uniform course of conduct complained of herein.

(d) **Adequacy:** The Plaintiff will fairly and adequately protect the interests of the class members insofar as Plaintiff has no interests that are averse to the absent class

members. The Plaintiff is committed to vigorously litigating this matter. Plaintiff has also retained counsel experienced in handling consumer lawsuits, complex legal issues, and class actions. Neither the Plaintiff nor Plaintiff's counsel have any interests which might cause them not to vigorously pursue the instant class action lawsuit.

(e) **Superiority:** A class action is superior to the other available means for the fair and efficient adjudication of this controversy because individual joinder of all members would be impracticable. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum efficiently and without unnecessary duplication of effort and expense that individual actions would engender.

44. Certification of a class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is also appropriate in that the questions of law and fact common to members of the Plaintiff Class predominate over any questions affecting an individual member, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

45. Depending on the outcome of further investigation and discovery, Plaintiff may, at the time of class certification motion, seek to certify a class(es) only as to particular issues pursuant to Fed. R. Civ. P. 23(c)(4).

## COUNT I

**VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT**
**15 U.S.C. §1692e *et seq.***
*(On behalf of the Plaintiff, Class and Subclass)*

46. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs

1 through 45 above herein with the same force and effect as if the same were set forth at length herein.

47. Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692e, 1692e(2), 1692e(10).

48. Section 15 U.S.C. §1692e provides:

> **A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the application of the foregoing, the following is conduct is a violation: . . .**

49. The Defendant violated said provision by:

- Falsely representing the character, amount or legal status of the debt 15 U.S.C. §1692e(2)(A);

- Using false representations and/or deceptive means to collect or attempt to collect any debt in violation of 15 U.S.C. §1692e(10).

50. By reason thereof, Defendant is liable to Plaintiff, Class and Subclass for judgment that their conduct violated Section 1692e *et seq*. of the FDCPA, actual damages, statutory damages, costs and attorneys' fees.

### COUNT II

**VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
15 U.S.C. §1692f *et seq.*
*(On behalf of the Plaintiff, Class and Subclass)***

51. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs through 45 above herein with the same force and effect as if the same were set forth at length herein.

52. Defendant's debt collection efforts attempted and/or directed towards the Plaintiff

violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692f(1)

53. Section 15 U.S.C. §1692f provides:

**A debt collector may not use unfair or unconscionable means to collect or attempt to collect a debt.**

54. The Defendant violated said provision by attempting to collect an amount not authorized by the agreement creating the debt or permitted by law.

55. By reason thereof, Defendant is liable to Plaintiff, Class and Subclass for judgment that their conduct violated Section 1692f *et seq*. of the FDCPA, actual damages, statutory damages, costs and attorneys' fees.

### COUNT III

**VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
15 U.S.C. §1692g *et seq*.
*(On behalf of the Plaintiff, Class and Subclass)***

56. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs through 45 above herein with the same force and effect as if the same were set forth at length herein.

57. Defendants' debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692g(a)(1).

58. Section 15 U.S.C. §1692g provides that debt collector must provide a consumer with certain information in their initial communication.

59. The Defendants violated said provision by failing to accurately state the amount of the debt in violation of 1692g(a)(1).

60. By reason thereof, Defendants liable to Plaintiff for judgment that their conduct violated Section 1692g *et seq*. of the FDCPA, actual damages, statutory damages, costs and

attorneys' fees.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff Warren Hall individually and on behalf of the Class and the Subclass demands judgment against Defendant Central Research, Inc. as follows:

A. Finding that this action satisfies the prerequisites for maintenance as a class action and certifying the Class and Subclass defined herein;

B. Designating Warren Hall as representative of the Class and Subclass and his undersigned counsel as Class Counsel;

C. Entering Judgment in favor of the Plaintiff, the Class, and Subclass against Defendant Central Research, Inc;

D. Awarding Plaintiff, the Class and Subclass statutory damages for the allegations contained in Count One, Count Two and/or Count Three;

E. Awarding Plaintiff, the Class and Subclass actual damages in an amount to be determined at trial for the allegations contained in Count One, Count Two and/or Count Three;

F. Awarding Plaintiff, the Class and the Subclass the costs of this Action including reasonable attorneys' fees and expenses for the allegations contained in Count One, Count Two and/or Count Three;

G. Awarding Plaintiff, the Class and the Subclass pre-judgment interest and post-judgment interest, as applicable; and

H. Granting all such further and other relief as the Court may deem just and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff Warren Hall individually on behalf of the Class and Subclass hereby requests a trial by jury on all issues so

triable.

                                          Respectfully Submitted,

                                          /s/Brian D. Flick, Esq.
Marc E. Dann (0039425)
Brian D. Flick (0081605)
**DannLaw**
P.O. Box. 6031040
Cleveland, Ohio 44103
Office: (216) 373-0539
Facsimile: (216) 373-0536
notices@dannlaw.com


Ari Marcus, Esq.
MARCUS & ZELMAN, LLC
701 Cookman Avenue, Suite 300
Asbury Park, New Jersey 07712
(732) 695-3282 telephone
(732) 298-6256 facsimile
ari@marcuszelman.com
**Pro Hac Vice Motion to Be Filed**

*Counsel for Plaintiff Warren Hall and the Putative Class*