# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| WARREN HALL, : | |
| : | Case No. 2:19-cv-03525 |
| Plaintiff, : | |
| : | JUDGE ALGENON L. MARBLEY |
| v. : | |
| : | Magistrate Judge Vascura |
| CENTRAL RESEARCH, INC., : | |
| : | |
| : | |
| Defendant. : | |

## OPINION & ORDER

## I. INTRODUCTION

This matter is before the Court on Defendant Central Research, Inc.'s Motion to Dismiss. (Doc. 7.) The Motion is fully briefed and is now ripe for review. For the reasons set forth below, the Court **DENIES** Defendant's Motion [#7].

## II. BACKGROUND

Plaintiff Warren Hall has an unpaid debt with the United States Department of Education ("DOE"). (Doc. 1 at 3.) The DOE contracted with Defendant Central Research, Inc. to collect this debt. (*Id.*) On April 29, 2019, Defendant sent Plaintiff a letter outlining the amount that he owed. (*Id.* at 4.) That letter, in relevant part, stated:

| **Principal Balance** | **Interest** | **Fees & Costs** | **Current Balance** |
|---|---|---|---|
| $19,778.93 | $2,746.87 | $4,052.09 | $26,664.17 |

Upon reading the letter, Plaintiff asserts that he was unsure about the amount he owed, as the sum of his principal balance, interest, and fees & costs only totaled $26,577.89, whereas his

current balance totaled $26,664.17. (*Id.*) Plaintiff, therefore, filed this lawsuit under the Fair Debt Collection Practices Act ("FDCPA"), alleging Defendant violated the Act by, among other things, failing to accurately notify him of the debt due. Plaintiff brought three causes of action pursuant to 15 U.S.C. §§ 1692e(2)(A) and 1692e(10), § 1692f(1), and § 1692g(a)(1). Defendant has moved to dismiss all claims in Plaintiff's Complaint.

### III. STANDARD OF REVIEW

The motion to dismiss for failure to state a claim "is a test of the plaintiff's cause of action as stated in the complaint[.]" *Baldwin v. Zimmer*, 2011 WL 3652411, at *1 (S.D. Ohio Aug. 19, 2011) (quoting *Golden v. City of Columbus*, 404 F.3d 950, 958-59 (6th Cir. 2005)). Thus, "the Court must construe the complaint in the light most favorable to the non-moving party, accept all factual allegations as true, and make reasonable inferences in favor of the non-moving party." *Id.* (citing *Total Benefits Planning Agency, Inc. v. Anthem Blue Cross & Blue Shield*, 552 F.3d 430, 434 (6th Cir. 2008)). The Rule 12(b)(6) standard, however, "requires more than the bare assertion of legal conclusions to survive a motion to dismiss." *Id.* at *2 (citing *Allard v. Weitzman*, 991 F.2d 1236, 1240 (6th Cir. 1993)). Indeed, the Court is not required to accept as true mere legal conclusions unsupported by factual allegations." *Id.* at *1.

### IV. ANALYSIS

Plaintiff's Complaint sets forth three causes of action. First, Plaintiff alleges Defendant violated 15 U.S.C. §§ 1692e(2)(A) and 1692e(10) by: (1) falsely representing the character, amount, or legal status of his debt; and (2) using false representations and/or deceptive means to collect his debt. Second, Plaintiff alleges Defendant violated 15 U.S.C. § 1692f(1) by attempting to collect a debt amount not permitted by law. Finally, Plaintiff alleges Defendant violated 15 U.S.C. § 1692g(a)(1) by failing to state accurately the amount of his debt.

### A. Whether Plaintiff has Stated a Claim Under Section 1692e of the FDCPA

Section 1692e of the FDCPA prohibits a debt collector from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. § 1692e. "Whether a debt collector's actions are false, deceptive, or misleading under § 1692e is based on whether the 'least sophisticated consumer' would be misled by defendant's actions." *Wallace v. Washington Mut. Bank, F.A.*, 683 F.3d 323, 326 (6th Cir. 2012). In applying this standard, the Sixth Circuit has instructed that "a statement must be *materially* false or misleading to violate Section 1692e." *Id.* "The materiality standard simply means that in addition to being technically false, a statement would tend to mislead or confuse the reasonable unsophisticated consumer." *Id.* at 326-27.

Here, when construing the Complaint in a light most favorable to Plaintiff, the Court finds that Plaintiff has asserted a cognizable claim under section 1692e. At this juncture, it is unclear whether the current balance listed in Plaintiff's debt-collection letter, $26,664.17, is accurate. That is because this amount is contradicted by the sum of the individual components of Plaintiff's debt, $26,577.89. At the very least, these two different figures could potentially confuse a reasonable, unsophisticated consumer as to the amount due. *See Stonecypher v. Finkelstein Kern Steinberg & Cunningham*, 2011 WL 3489685, at *6 (E.D. Tenn. Aug. 9, 2011) ("The Court further finds that Plaintiff has asserted sufficient facts to make out a possible claim for a violation of the FDCPA based on 15 U.S.C. § 1692e(2)(A). Plaintiff received a letter dated July 9, 2010 which stated a balance of $1,622.42 but had two credit card statements attached reflecting higher balances."); *Crafton v. Law Firm of Jonathan B. Levine*, 957 F. Supp. 2d 992, 997 (E.D. Wis. 2013) ("Even an unintentional misrepresentation violates [15 U.S.C. § 1692e(2)(A)]. Here, the inaccurate amount of the debt owed was material.") (internal quotations and citation omitted).

Nevertheless, Defendant points to several out-of-circuit cases, namely, *Hahn v. Triumph Partnerships, LLC*, 557 F.3d 755 (7th Cir. 2009), and *Donohue v. Quick Collect, Inc.*, 592 F.3d 1027 (9th Cir. 2010), for the proposition that so long as the bottom line amount stated in Plaintiff's letter was correct, the discrepancies in the itemization of his debt would not mislead the least sophisticated consumer. *Hahn* and *Donohue*, however, are inapposite. As noted above, the Court cannot conclude that the $26,664.17 amount listed in Plaintiff's debt-collection letter is an accurate account of his debt, and Plaintiff's Complaint does not suggest otherwise. This distinguishes *Hahn* and *Donohue*. *See Hahn*, 557 F.3d at 756 ("Hahn does not deny owing $1,134.55."); *Donohue*, 592 F.3d at 1033 ("The Complaint correctly calculated the total debt Donohue owed, accurately stated the principal owed, and accurately listed the total non-principal amount owed inclusive of interest and finance charges."). Perhaps discovery will bring additional information to light, but for now, Defendant's Motion to Dismiss Plaintiff's claims under section 1692e of the FDCPA is **DENIED**.

**B. Whether Plaintiff has Stated a Claim Under Section 1692f of the FDCPA**

Section 1692f of the FDCPA "is a catchall provision that forbids a debt collector from using 'unfair or unconscionable means to collect or attempt to collect any debt.'" *Clark v. Lender Processing Servs.*, 562 F. App'x 460, 467 (6th Cir. 2014); *see* 15 U.S.C. § 1692f(1) (Prohibiting "[t]he collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law."). Like section 1692e, "if a 1692f claim is premised on a false or misleading representation, the misrepresentation must be material." *Clark*, 562 F. App'x at 467.

Here, when construing the Complaint in a light most favorable to Plaintiff, the Court finds that Plaintiff has stated a cognizable claim under section 1692f. Because it is unclear why there is

a $86.28 difference between the amount listed as Plaintiff's current balance and the sum of his itemized debt, it is reasonable to infer that Defendant is attempting to collect on an amount that is not authorized by agreement or under law. Again, discovery may bring more clarity to this issue, but at this stage, the Court **DENIES** Defendant's Motion to Dismiss Plaintiff's section 1692f(1) claim.

### C. Whether Plaintiff has Stated a Claim Under Section 1692g of the FDCPA

Section 1692g(a) of the FDCPA "requires debt collectors to issue a 'validation notice,' either in the initial communication with a consumer or within five days of that initial communication, that informs the consumer of certain rights including the right to make a written request for verification of the debt and to dispute the validity of the debt." *Federal Home Loan Mortg. Corp. v. Lamar*, 503 F.3d 504, 508 (6th Cir. 2007). One specific requirement of section 1692g(a) is that the debt-collector's notice contain "the amount of the debt." *See* 15 U.S.C. § 1692g(a)(1). Whether notice was effectively conveyed is determined using "the least sophisticated debtor [or consumer] standard." *Lamar*, 503 F.3d at 509 (internal quotations omitted).

Here, when construing the Complaint in a light most favorable to Plaintiff, the Court finds that Plaintiff has stated a cognizable claim under section 1692g(a)(1). As addressed at length above, it is unclear whether the amount listed as Plaintiff's current balance, $26,664.17, is an accurate representation of his debt. And, although Defendant is correct in noting that section 1692g does not require a debt collector to provide an itemized breakdown of the debt, but rather just a statement of the total amount due, *Wilson v. Trott Law, P.C.*, 118 F. Supp. 3d 953, 963 (E.D. Mich. 2015), it was Defendant's decision to include the itemized breakdown that now casts doubt

on whether the total amount listed in Plaintiff's debt-collection letter is accurate. Accordingly, the Court **DENIES** Defendant's Motion to Dismiss Plaintiff's section 1692g(a) claim.[1]

### D. Whether the FDCPA Required Defendant to Provide Plaintiff with Notice that Interest, Late Fees, or Other Charges were Continuing to Accrue on his Debt

Finally, though not listed under a specific cause of action, Plaintiff's Complaint suggests that Defendant violated the FDCPA by not informing him that interest, late fees, or other charges were continuing to accrue on his debt. Plaintiff relies primarily on the Seventh Circuit's opinion in *Miller v. McCalla, Raymer, Patrick, Cobb, Nichols, & Clark, LLC*, 214 F.3d 872 (7th Cir. 2000), and the Second Circuit's opinion in *Avila v. Riexinger & Associates*, 817 F.3d 72 (2d Cir. 2016), for support.

In *Miller*, the Seventh Circuit held that a debt collector violated its obligation to provide the debtor with notice of the amount he owed when the debt collector failed to include expressly the interest amount in that calculation. 214 F.3d at 875. While the debt collector's letter to the debtor included the principal balance of the amount owed, it went on to state the following:

> [T]his amount does not include accrued but unpaid interest, unpaid late charges, escrow advances or other charges for preservation and protection of the lender's interest in the property, as authorized by your loan agreement. This amount to reinstate or pay off your loan changes daily. You may call our office for complete reinstatement and payoff figures.

*Id.* The court found that this language was insufficient to comply with the FDCPA because "[t]he unpaid principal balance [was] not the debt; [rather,] it [was] only part of the debt; [and] the Act require[d] statement of the [entire] debt." *Id.* The court stressed that, at a minimum, the debt

---

[1] Defendant also contends that any misstatement of Plaintiff's total debt was de minimis and, thus, immaterial. But the cases Defendant cites in support of this argument have not established a minimum threshold to make such a determination, and the Court will not create one at this stage of the proceedings. *See Powell v. Palisades Acquisition XVI, LLC*, 782 F.3d 119, 127 (4th Cir. 2014) ("[A] de minimis misstatement of the total amount owed might not be actionable, although we need not determine the threshold here."). Moreover, these cases are not binding on the Court.

collector's letter should have stated the total amount due -- "interest and other charges as well as principal" -- on the date the letter was sent. *Id.* at 875-76. Moreover, the court suggested that debt collectors should, in the future, include certain "safe harbor" language in their letters to debtors that informs debtors that the amount due on the day they pay may be greater than listed due to accruing interest and other charges. *Id.* at 876.

The Second Circuit, in *Avila*, followed the suggestion of the *Miller* court, but took it a step further. 817 F.3d at 76. The Second Circuit held, "[b]ecause the statement of an amount due, without notice that the amount is already increasing due to accruing interest or other charges, can mislead the least sophisticated consumers into believing that payment of the amount stated will clear [their] account . . . the FDCPA requires debt collectors, when they notify consumers of their account balance, to disclose that the balance may increase due to interest and fees." *Id.* In other words, the court took the suggestion posed in *Miller* and made it mandatory. While the Sixth Circuit has never squarely decided this issue, it has suggested that informing debtors of possible accruing interest would be a good practice. *See Walker v. Shermeta, Adams, Von Allmen, PC*, 623 F. App'x 764, 767 (6th Cir. 2015) ("Depending on the terms of the loan agreement, a statement that no additional interest or charges would ever accrue on Plaintiff's debt may have been improper and misleading. Nor would it have been a good option for Defendants to remain silent as to potential future interest and charges, because such silence has exposed debt collectors to liability under the FDCPA."). District courts around the country, however, are split on whether the FDCPA requires notice of accruing interest. *See, e.g.*, *Stonecypher*, 2011 WL 3489685, at *5 ("[T]he Court finds that Plaintiff has successfully asserted facts to support the allegation that Defendant violated 15 U.S.C. § 1692g(a)(1). As evidenced by later communications from Defendant, the letter of January 11, 2010 did not correctly state the amount of the debt because it failed to indicate that

interest was accruing and the applicable interest rate[.]"); *but see Bazile v. Finance Sys. Of Green Bay, Inc.*, 2019 WL 652421, at *5 (E.D. Wis. Feb. 15, 2019) ("[T]he FDCPA does not require that the debt collector tell the debtor whether the balance is or is not accruing interest or late fees. While doing so might be consistent with the Congressional purpose underlying the FDCPA, Congress did not require that the debt collectors include that information along with the other specific disclosures it directed them to make in their initial communication with the debtor, though it could have easily done so.").

Here, it is not clear whether Defendant intends to seek accrued interest on the balance stated in Plaintiff's debt-collection letter. Nevertheless, the Court finds persuasive the line of cases requiring debt collectors to provide notice of such interest. As those courts have found, a debt collector does not correctly state the amount of the debt owed when it fails to indicate that interest is continuing to accrue. *See Murr v. Tarpon Fin. Corp.*, 2014 WL 546690, at *9 (E.D. Tenn. Feb. 10, 2014). To the contrary, this practice misleads consumers into believing that paying the amount stated in their collection letters will completely clear their accounts, only to learn otherwise when they receive a subsequent letter. This does not comply with the FDCPA's requirement of providing consumers with a statement of their entire debt. *See Miller*, 214 F.3d at 875. Accordingly, the Court **DENIES** Defendant's Motion to Dismiss Plaintiff's claim of failure to provide notice of an accruing debt.

## V. CONCLUSION

For the reasons stated herein, the Court **DENIES** Defendant's Motion to Dismiss [#7].

**IT IS SO ORDERED.**

                                                                             /s/ Algenon L. Marbley
**ALGENON L. MARBLEY**
**CHIEF UNITED STATES DISTRICT JUDGE**

**DATED: March 24, 2020**